## HUNT & VAUGHAN v. G. W. SHACKLEFORD.

DEED OF TRUST. *Description of property. Erroneous addition rejected. Parol proof.*

Washington executed a deed of trust, in which the property conveyed is described as "a crop of cotton now being cultivated and raised by him upon certain lands upon which he is now living, and rented by him from Newman." At the time of the execution of the deed of trust, the grantor resided upon and cultivated land rented from Weatherly, but he also cultivated land rented from Newman. *Held*, that the deed of trust only conveyed the crop on the land rented from Weatherly, upon which Washington was living; the words, "and rented by him from Newman," are to be rejected as an erroneous addition, in accordance with the maxim, *Falsa demonstratio non nocet.* And parol evidence of the intention of the parties as to the property to be conveyed is inadmissible.

ERROR to the Circuit Court of Jefferson County.

Hon. J. B. CHRISMAN, Judge.

This case has been in this court once before, and is reported in 55 Miss. 94.

Hunt & Vaughan were sued in *assumpsit* by G. W. Shackleford, upon a claim assigned to the latter by H. M. Peden. They pleaded payment, and sought to prove, as an offset, an indebtedness of Peden to them for the value of some cotton received and appropriated by him before they had notice of the assignment of the claim sued on to the plaintiff. Their claim to the cotton was based upon a deed of trust given by Jule Washington to G. S. Jones as trustee, to secure a debt of $800 which the grantor owed them. The granting part of the deed of trust was as follows: "The party of the first part does by these presents bargain, sell, and convey unto the party

of the second part all of his right, title, and interest in and to a crop of cotton now being cultivated and raised by him upon certain lands upon which he is now living, in the county of Jefferson, and rented by him from Mrs. Sallie G. Newman." Washington that year resided on and cultivated land rented from J. R. Weatherly, and also cultivated land rented from Mrs. Sallie G. Newman. The defendants, at the trial, offered to prove by Jones, the trustee, that he wrote the deed of trust, and that it was the intention of the parties that the crops to be produced on both the land rented from Weatherly and that rented from Mrs. Newman should be conveyed. The plaintiff objected to this testimony, and the court excluded it. The court instructed the jury, for the plaintiff, that unless the cotton in controversy was grown on the land rented from Mrs. Newman, the defendants had no claim to it. The jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

*T. C. Catchings,* for the plaintiffs in error.

Without the testimony of Jones, the evidence is sufficient to show that the cotton to be grown on both the Weatherly land and the Newman land was conveyed by the deed of trust. The conveyance was intended to operate as if it had been written thus: "Upon certain lands upon which he is now living, and [upon certain lands] rented by him from Mrs. Newman." The crop to be grown on the Weatherly land was certainly conveyed, that being the land on which Washington resided. Jones's testimony was competent evidence. *Martin* v. *Jackson,* 1 Smed. & M. 494.

*H. Cassedy,* for the defendant in error.

The court properly excluded the testimony of Jones, by which it was sought to show the intention of the parties to the deed of trust as to the property to be conveyed. *Eskridge* v. *Eskridge,* 51 Miss. 527; *Lee* v. *Newman,* 55 Miss. 365. The deed of trust gave Hunt & Vaughan a lien on the crop grown on the land rented by Washington from Mrs. Newman, and on that only.

CAMPBELL, J., delivered the opinion of the court.

The deed of trust executed by Washington conveyed the crop upon the land on which he was living, which is shown by the evidence to have been the land rented from Weatherly, and not that rented from Mrs. Newman. Therefore, the added words, " and rented by him from Mrs. Sallie G. Newman," are to be rejected as an erroneous addition, in accordance with the well-settled rule of interpretation, *Falsa demonstratio non nocet.* The thing intended to be granted is sufficiently ascertained without the words quoted, and they should not frustrate the grant. Broom's Leg. Max., marg. p. 606 ; *Jackson* v. *Clark*, 7 Johns. 217.

It is not admissible to interpret the deed as conveying the crop on the land rented from Mrs. Newman, because the grantor was not living on land rented from her, " and the law will not intend error or falsehood." It is inadmissible to reject a reference in a description which is true ; but a false reference will be rejected, *ut res magis valeat, quam pereat*. Parol testimony to supply an omission in the deed was properly rejected.

The first four instructions for the plaintiff below are erroneous, because they embody the proposition that the deed of trust conveyed only the cotton produced on the land rented from Mrs. Newman, while, according to our interpretation, only the cotton raised on the land of Weatherly was conveyed by it.

Judgment reversed and new trial awarded.